### E. C. WILLIAMS AND S. J. MINGS v. T. E. BARNWELL.

#### No. 3114.

1. **Parties.**—A judgment can not be rendered against parties not named in the pleadings nor served with process and who have made no appearance in the suit.

2. **Practice—Recitals in Judgment Entry.**—Recitals in a judgment entry of matters affecting persons not appearing in the suit nor made parties by citation therein do not form a basis for rendering a judgment against such persons.

ERROR from Upshur.    Tried below before Hon. Felix J. McCord.

June 17, 1888, the defendant in error brought suit based on account against the East and West Texas Lumber Company, procured the issuance of the original writ of attachment as auxiliary thereto, and caused the same to be levied on certain personal property of the said East and West Texas Lumber Company.

July 6, 1889, N. M. Harrison, as receiver of the East and West Texas Lumber Company, filed an answer of general denial, the defendant having previously answered in the suit.

January 9, 1890, the cause came on to be tried, the evidence was heard, the jury charged, and a verdict was rendered in favor of the plaintiffs, there being no other parties to the cause than those above named.    Upon this general verdict in favor of plaintiffs judgment was entered up in favor of plaintiffs against the East and West Texas Lumber Company and N. M. Harrison, receiver of the East and West Texas Lumber Company, and against plaintiffs in error.

Against this judgment the plaintiffs in error have prosecuted their writ and brought the cause to this court for a revision.

*N. W. Finley,* for plaintiffs in error.—1.    A person will not be bound by a judgment rendered in a cause to which he was not a party.    Hardin v. Blackshear, 60 Texas, 132; Wooldridge v. Griffith, 59 Texas, 290; Dunlap v. Southerlin, 63 Texas, 38.

2.    A judgment rendered against the obligors in a bond other than a statutory bond in a suit to which they are not parties either by citation or voluntary appearance does not bind them and is a nullity.

*Peteet & Crosby,* for defendant in error.—There was no error in the court rendering judgment against the plaintiffs in error, they being par-

ties to the suit and bound by the judgment against the East and West Texas Lumber Company.   The money arising from the sale of the property was by order of the court turned over to E. C. Williams and S. J. Mings, they giving an indemnity bond or refunding bond, with J. D. Moody and B. W. Rowland as sureties on said bond, conditioned to pay off and satisfy such judgment as defendant in error might recover against the East and West Texas Lumber Company.   When judgment was obtained against the East and West Texas Lumber Company, judgment was at the same time rendered against the bondsmen and sureties on said refunding or indemnity bond.   Freem. on Judg., secs. 174, 176.

HENRY, ASSOCIATE JUSTICE.—This was an action for debt, brought by the appellee against the East and West Texas Lumber Company.   A writ of attachment sued out by plaintiff was levied upon personal property belonging to the defendant.   Judgment for his debt was rendered in favor of plaintiff against the defendant, the East and West Texas Lumber Company, and foreclosing the attachment lien.

The following facts are recited in the judgment, but do not otherwise appear, and on them the following order was made:

"That all of the property of the said defendant (referring to the East and West Texas Lumber Company) was by an order of this court made on the 3rd day of December, 1888, sold at public outcry, and the proceeds thereof paid to said receiver; and whereas on the 8th day of February, 1889, by an order of this court made in chambers, said receiver was ordered to pay over the proceeds of the sale of all the said East and West Texas Lumber Company, less the expenses incident to said receivership, to S. J. Mings and E. C. Williams, creditors of said defendant company, upon condition of their executing a bond obligating themselves to pay such judgment as this plaintiff might recover; and whereas on the 7th day of February, 1889, the said S. J. Mings and E. C. Williams executed their indemnity bond for $2800, with B. W. Rowland and J. D. Moody as sureties thereon, by the terms of which they obligated themselves to pay off such judgment as plaintiff might recover in this cause; and whereas said bond was on the 8th day of February, 1889, approved by the judge of this court in chambers and was delivered to said receiver; and whereas by an order of this court said receiver has filed his answer in this cause, signed by his attorney; and whereas it appearing to the court that this suit was filed on the 17th day of June, 1888: It is ordered and adjudged that the plaintiff, T. E. Barnwell, do have and recover of the defendant, the East and West Texas Lumber Company, and from S. J. Mings and E. C. Williams and the sureties on their indemnity bond, to-wit, B. W. Rowland and J. D. Moody, the sum of $1339.46."

The receiver appeared and filed a general denial.

Neither Williams nor Mings nor their sureties were mentioned in the

pleadings or served with any kind of process, and none of them appeared or answered. The record fails to show that the receiver had any proper connection with this cause. No evidence whatever of the execution of the bond to the receiver referred to in the judgment was introduced.

The record before us discloses no authority for the rendition of the judgment against appellants, and it must be reversed and vacated as to appellants.

*Reversed.*

Delivered October 28, 1890.